done any of the acts enumerated in the long-arm statute.

 In the opinion of this Court, it is clear that Southwest has not done any of the acts enumerated in the long-arm statute nor has plaintiff made a prima facie showing that one of said acts was done by Southwest. Accordingly, service of process must be quashed as to Southwest. Moreover, this Court is also convinced that this Court's exercise of *in personam* jurisdiction over Southwest would not comport with due process in view of the fact that Southwest has not had *any* contacts with Missouri. Plaintiff's response to Southwest's motion to dismiss contains citations to state venue and joinder statutes that are irrelevant to the *in personam* jurisdiction inquiry.

 Furthermore, in view of plaintiff's utter failure to come forward with evidence of even the slightest connection between Southwest and the State of Missouri, so as to satisfy the long-arm statute and the requirements of the due process clause, Southwest may wish to file a motion to impose sanctions against plaintiff's counsel, Peter M. Thayer, in the amount of Southwest's costs and attorney's fees in defending this action to date. Rule 11 of the Federal Rules of Civil Procedure imposes a duty on attorneys appearing before this Court, as follows:

> The signature of an attorney ... constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

*Fed.R.Civ.P.* 11. It appears that Mr. Thayer violated this duty as to Southwest by failing to make a reasonable inquiry as to the nature, quality or quantity of Southwest's contacts with Missouri or compliance with the long-arm statute. It matters not that this action was first filed in state court. The joinder of Southwest was not based upon a good faith inquiry into either the facts or the law supporting the exercise of *in personam* jurisdiction over Southwest by Missouri courts. As a result, Southwest has been put to considerable and unnecessary expense and trouble in obtaining the dismissal of plaintiff's complaint against it. Should Southwest decide to move for sanctions, Mr. Thayer will be given an opportunity to respond so that his due process rights are not violated. *See Fed.R.Civ.P.* 11, *Notes of Advisory Committee on Rules* (1983). *See also Miranda v. Southern Pacific Transportation Co.,* 710 F.2d 516, 522–23 (9th Cir.1983).

**Ruth MOYER, et al., Plaintiffs,**

v.

**1330 NINETEENTH STREET CORP., et al., Defendants.**

**Civ. A. No. 83–2528.**

United States District Court,
District of Columbia.

May 17, 1984.

John R. Dugan and David H. Shapiro, Washington, D.C., for plaintiffs.

Russell H. Gardner, Jeanne M. Phelan, Baltimore, Md., Frederick B. Abramson, Bernard J. Carl, and Christopher Hassell, Washington, D.C., for defendants.

### ORDER

CHARLES R. RICHEY, District Judge.

The above entitled cause, having come on for Hearing before the Court and Jury, upon the basis of a Complaint filed herein on August 23, 1983, and upon consideration thereof, including the Answer thereto filed by the defendants, including but not limited to defendant Nestor Fernandez, and after careful consideration thereof by each of the

respective parties hereto, including the officers and directors of the defendant corporation, and it appearing that the defendants have agreed to pay the plaintiffs a monetary settlement and other good and valuable consideration, and it appearing further that the defendants and each of them do not admit any liability or responsibility for the acts complained of in the Complaint, and continue to assert their innocence in respect to the acts complained of is said complaint, and deny the allegations therein with respect to each of them, but in order to avoid the expense and cost of a lengthy trial, and the uncertainties of two appeals, and it further appearing that it is appropriate and proper for them, by means of this instrument, to advise the plaintiffs and each of them that the acts complained of in the complaint will never occur in the future by the named defendants or anyone under their dominion and control.

Accordingly, it is by the Court, this 17th day of May, 1984,

ORDERED, that the above entitled cause be, and the same hereby is, dismissed with prejudice for the reasons set forth above and none other; and it is

FURTHER ORDERED, that the above entitled ORDER shall remain on the dockets of this Court by virtue of the authority of the Court and the authorization and consent of all parties and their respective counsel.